IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,067-01






EX PARTE SIDNEY EUGENE TRAHAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D 020436AR IN THE 260TH DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to life imprisonment. The Ninth Court of Appeals affirmed his conviction. Trahan
v. State, No. 09-04-00261-CR (Tex. App. - Beaumont, July 13, 2005, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance in three ways. First,
counsel failed to seek an expert witness to explain the effects of gross mental retardation on the
ability to distinguish reality from fantasy and to accurately perceive and recount events. Second,
counsel allowed the State to bolster the victim's testimony when it had not been impeached on cross-examination. Third, counsel failed to object and take steps to preserve the matter for appeal when
the trial court improperly restricted jury voir dire with a time limit while counsel was still inquiring
whether members of the venire would view the defendant's failure to testify as an indication of guilt.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection
and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 18, 2007

Do not publish